IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AJMAL AFGHAN, | * |
|     Petitioner, | * |
| v. | *    Civil Case No.: SAG-25-04105 |
| KRISTI NOEM, *et al.*, | * |
|     Respondents. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

Petitioner Ajmal Afghan filed a Petition for a Writ of Habeas Corpus ("Petition") on December 12, 2025, ECF 1, asserting a number of claims and seeking immediate release from custody. Respondents opposed the Petition, ECF 20, and Petitioner filed a reply, ECF 23. This Court held a motions hearing on December 22, 2025. Both parties thereafter submitted supplemental filings regarding the appropriate remedy. ECF 27, 29. For the reasons stated below, Petitioner's petition will be granted and he will be ordered released from custody, subject to a bond hearing to be scheduled by Respondents in Maryland.

**I.    BACKGROUND**

Petitioner is a citizen of Afghanistan, where he has been targeted and persecuted by the Taliban for his political allegiances and by his wife's family for their marriage. ECF 1 ¶¶ 50–51, 55. In 2021, Petitioner and his wife were brought to the United States on a commercial flight arranged by the U.S. military. *Id.* ¶ 57. He was placed in removal proceedings by the Department of Homeland Security ("DHS") but received parole. *Id.* ¶¶ 57–58. In 2022, DHS filed a motion to dismiss the removal proceedings, which an immigration judge granted. *Id.* ¶ 59. Petitioner was

released from detention, re-paroled to the Afghan resettlement process, and filed an asylum application. *Id.* ¶¶ 60, 62.

Petitioner's asylum application was denied in early 2024, but he maintained parole and work authorization. *Id.* ¶¶ 63–64. He has no criminal record and has attended all of his appointments with U.S. Customs and Immigration Services. *Id.* ¶¶ 64–65. He applied for re-parole and again for asylum in 2025. *Id.* ¶¶ 66–67. Those applications remain pending. *Id.* ¶¶ 67–68.

On December 10, 2025, Petitioner received a call in letter informing him of an appointment with DHS on December 15, 2025. ECF 23-2 ¶ 8. He arranged a meeting in his lawyer's office on Friday, December 12, 2025 to prepare for the appointment. *Id.* ¶¶ 9, 12. While Petitioner and his wife were driving to the lawyer's office, two cars blocked them in at a red light, yelled at them, and handcuffed them. *Id.* ¶¶ 13–17. They transported Petitioner to Baltimore, where he was detained in the ICE office before he was transported to a Georgia immigration detention facility. Petitioner has remained in ICE custody since December 12, 2025.

## II. ANALYSIS

28 U.S.C. § 2241 "authorizes a district court to grant a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." The primary issue in this case is one that has been considered in hundreds of federal courts over recent weeks – whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or is entitled to a hearing before an administrative judge to seek bond under 8 U.S.C. § 1226(a). The overwhelming majority of courts to have considered the issue have ruled that Petitioner (and similarly situated aliens who have been in this country for years) are in the latter category. *See, e.g., Y-C- v. Genalo*, 25-cv-06558 (NCM), 2025 WL 3653496, at *2 (E.D.N.Y. Dec. 17, 2025)

(collecting cases); *Brito Hidalgo v. Raycraft*, Case No. 25-cv-13588, 2025 WL 3473360, at *3 (E.D. Mich. Dec 3, 2025) (same).

The reasoning of those hundreds of cases aligns with the plain language of the respective statutes. *See Hatley v. Watts*, 917 F.3d 770, 784 (4th Cir. 2019) (noting that statutory interpretation must "begin with the plain language") (quoting *In re Total Realty Mgmt., LLC*, 706 F.3d 245, 251 (4th Cir. 2013)). Section 1225 is captioned "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing." Its provisions expressly apply to aliens apprehended upon their arrival in this country, not those who have resided within its borders for years. *See FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (describing the "fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme") (quoting *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)). Thus, the reference in § 1225(b)(2) to "an alien who is an applicant for admission" is restricted to those apprehended upon inspection by immigration officers on their arrival in the United States. By contrast, § 1226 is captioned "Apprehension and detention of aliens." Section 1226 describes "a warrant issued by the Attorney General," such as that issued in Petitioner's case. In fact, the form I-200 warrant Petitioner received explicitly invoked "sections 236 and 287 of the Immigration and Nationality Act" (which corresponds to 8 U.S.C. §§ 1226 and 1357). ECF 20-1. Section 1225, which describes procedures for the expedited removal of aliens arriving in the country, including applicants for admission, includes no warrant provisions. The statutory language alone, in combination with the I-200 warrant, establishes that Petitioner's arrest is governed by § 1226 and that he is entitled to a bond hearing.

This Court further agrees with its hundreds of judicial colleagues in finding that the Board of Immigration Appeals's ("BIA") recent decision in *Matter of Yajure Hurtado* is not entitled to

3

*Skidmore* deference. *Yajure Hurtado* marked a sea change in agency position from the longstanding (and statutorily supported) position that aliens who had been in the country for more than two years are governed by § 1226(a). *Loper Bright Enterprises v. Raimondo,* 603 U.S. 369 (2024), requires courts to exercise independent judgment in assessing whether agency reasoning is persuasive. Here, for the reasons stated above, the BIA's reasoning in *Yajure Hurtado* is not, because it contravenes the plain language of the statutes. Additionally, "where Respondents' new interpretation of these detention provisions so as to require mandatory detention of all inadmissible noncitizens runs counter to nearly 30 years of government immigration practice, the BIA's recent about-face in *Matter of Yajure-Hurtado* carries very little weight." *Maldonado de Leon v. Baker*, Civ. No. 25-3084-TDC, 2025 WL 2968042, at *8 (D. Md. Oct. 21, 2025).

Finally, this Court is unpersuaded by Respondents' contention that 8 U.S.C. § 1182(d)(5)(A) requires his return to custody now that his parole has expired. That subsection provides that once parole expires, the alien's "case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.* Because Respondent was arrested in the interior of the United States, and not upon arrival, he is entitled to a bond hearing pursuant to §1226(a).

In light of this Court's determination that Petitioner is entitled to a bond hearing, it turns to the appropriate remedy. Petitioner's counsel is in Washington, D.C., and Petitioner's present location at an ICE facility in Georgia complicates the question of remedy. Given Petitioner's serious medical condition, the upcoming holidays which are likely to make a prompt hearing more elusive, Petitioner's impeccable record of reporting as directed by immigration authorities, and the availability of expeditious transport from Georgia to Maryland, this Court will order Petitioner's immediate release from detention, subject to his compliance with all of his previous conditions of

parole and his attendance at any bond hearing to be scheduled by Respondents in Maryland. While Respondents cite adverse credibility findings made in Petitioner's asylum proceedings in 2023 as a reason to continue his detention until the hearing, this Court is unpersuaded given Petitioner's history of reporting as directed to comply with the immigration process (including during the years following that credibility finding) and his lack of any criminal history whatsoever.

## III. CONCLUSION

For the reasons stated above, the Petition, ECF 1, is GRANTED. The Clerk is directed to CLOSE this case.

Dated: December 23, 2025                             /s/
                                                Stephanie A. Gallagher
                                                United States District Judge